# STATE OF MICHIGAN

# COURT OF APPEALS

ESTATE OF AVA CAMERON TAYLOR, by
AMY TAYLOR, Personal Representative,

        Plaintiff-Appellant,

v

DARIN LEE COOLE and AMY COOLE,

        Defendants-Appellees.

UNPUBLISHED
April 13, 2017

No. 331198
Genesee Circuit Court
LC No. 14-104044-NI

Before: O'CONNELL, P.J., and GLEICHER and BOONSTRA, JJ.

GLEICHER, J. (*concurring*).

The majority reaches the right result, but for the wrong reasons. The majority recites that "there was a question of fact regarding whether Coole's speed was excessive under the circumstances[,]" but concludes that "there was [not a] genuine issue of material fact regarding whether Taylor was more than 50% at fault for . . . [the] accident." I respectfully disagree with both propositions.

Although a driver must adjust his speed to account for the conditions around him, Taylor has failed to offer any fact that would have required Coole to drive at a speed less than the posted limit. Taylor's expert was unable to determine whether Coole was driving at more than 45 miles an hour at the time this tragedy occurred. Not a single fact in the record supports that a reasonably prudent person would have been traveling at a slower speed. There were no obstructions to Coole's vision, and no warning that a child would dart into the road. I am unable to discern any basis on which to find a material question of fact supporting Coole's negligence, and would affirm summary disposition on that ground.

The majority errs, in my view, by deciding this case on comparative negligence grounds. Because Coole was not negligent, comparative negligence has no role to play. But if Coole had been speeding or otherwise negligent, I would hold that a jury should weigh the parties' relative fault contributions to the outcome. A determination of comparative negligence requires a comparison of the reasonableness of the conduct of two actors, and inherently resides with the finder of fact. See *Lowe v Estate Motors Ltd*, 428 Mich 439, 461-462; 410 NW2d 706 (1987).

This Court is not a fact-weighing or credibility-discerning body. Where both sides advance credible claims of negligence, I would let the jury consider the evidence and apportion the fault as it sees fit.


/s/ Elizabeth L. Gleicher